IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE:   APPLICATION OF<br><br>IAN CURTIS, RACHEL DE LA COUR,<br>RICHARD REYNOLDS, AMANDA WHITE &<br>GUY WESTGATE<br>        PETITIONERS<br><br>FOR AN ORDER DIRECTING DISCOVERY<br>IN AID OF A FOREIGN PROCEEDING<br>PURSUANT TO 28 U.S.C. § 1782<br><br>FROM THE BOEING COMPANY<br>        RESPONDENT | MISCELLANEOUS<br>Action No.: _____ |

**APPLICATION FOR AN ORDER UNDER 28 U.S.C. §1782 PERMITTING APPLICANTS IAN CURTIS, RACHEL DE LA COUR, RICHARD REYNOLDS, AMANDA WHITE & GUY WESTGATE TO OBTAIN DISCOVERY FROM THE BOEING COMPANY FOR USE IN A FOREIGN PROCEEDING**

1

**TABLE OF CONTENTS**

I.     JURISDICTION AND VENUE ................................................................................... 6

II.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................................. 7

III.   NATURE OF INFORMATION AND DOCUMENTS SOUGHT ................................ 8

IV.    ARGUMENT: SECTION 1782 ENTITLES APPLICANT TO TAKE DISCOVERY
       FROM RESPONDENT. ................................................................................................ 9

       A.   Applicants satisfy Section 1782's three statutory requirements……………….. 10

       B.   The *Intel* discretionary factors favor granting discovery………………………. 11

            1. Boeing is not a party to the English proceedings…………………………… 12

            2. The nature of the foreign tribunal, the character of the proceedings
            abroad, and the receptivity of the English court system to U.S. federal
            court judicial assistance favors granting this Application……………………… 12

            3. This Application does not attempt to circumvent foreign
            proof-gathering restrictions………………………………………………….. 13

            4. The discovery sought is narrowly tailored and is neither
            burdensome nor intrusive……………………………………………………… 14

VI.    CONCLUSION ........................................................................................................... 16

# **TABLE OF AUTHORITIES**

**Cases**

*Al Fayed v. United States,*
    210 F.3d 421 (4th Cir. 2000) ……………………………………………… 10

*Brandi-Dohrn v. IKB Deutsche Industriebank AG,*
    673 F.3d 76 (2d Cir. 2012) ………………………………………………... 9,11

*Ecuadorian Plaintiffs v. Chevron Corp.,*
    619 F.3d 373 (5th Cir. 2010) ……………………………………………. 12

*Euromepa S.A. v. R. Esmerian, Inc.,*
    51 F.3d 1095 (2d Cir. 1995) …………………………………………….. 14

*First American Corp. v. Price Waterhouse LLP,*
    154 F.3d 16 (2d Cir. 1998) …………………………………………….. 15

*In re Application of Banco Mercantil De Norte,*
    2023 WL 6690708 (E.D. Va. 2023) …………………………………….. 6,11,12

*In re Application HydroDive Nigeria, Ltd.,*
    2013 WL 12155021 ( S.D. Tx. May 29, 2013) …………………………………. 15

*In re Application of Hill,*
    2007 WL 1226141 (S.D.N.Y. Apr. 23, 2007) ………………………………….. 14

*In re Application of Newbrook Shipping Corporation,*
    31 F.4th 889 (4th Cir. 2022) ……………………………………………………. 6,11,14

*In re Application of Rivada Networks,*
    230 F.Supp.3d 467  (E.D.Va. 2017) ………………………………………….. 6,9

*In re Application of Sveaas,*
    249 F.R.D. 96 (S.D.N.Y. 2008) ……………………………………………. 10

*In re Bayer AG,*
    146 F.3d 188 (3d Cir. 1998) ………………………………………………….. 13

*In re Caceres,*
    2020 WL 2523120 (S.D. Miss. May 18, 2020) ………………………………….. 13

*In re Consellior SAS,*
    2013 WL 5517925 (D. Conn. Oct. 2, 2013) ………………………………………. 15

*In re Eli Lilly & Co.*,
    37 F.4th 160 (4th Cir. 2022) ……………………………………………………  12

*In re Eli Lilly and Company*,
    580 F.Supp.3d 334  (E.D. Va. 2022) ……………………………………………  6

*In re Ex Parte Application of Godfrey,*
    2018 WL 1863749 (S.D. Fla. 2018) ……………………………………………  13

*In re Gemeinschaftspraxis Dr. Med. Schotldorf,*
    2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) …………………………………….  14

*In re IKB Deutsche Industriebank AG*,
    2010 WL 1526070 (N.D. Ill. 2010) ………………………………………………  13

*In re O'Keeffe*,
    646 Fed.Appx. 263 (3d Cir. 2016) ………………………………………………..  13

*In re Piraeus Bank*,
    2020 WL 2521322 (S.D.N.Y. 2020) ………………………………………………  12

*In re Request for Judicial Assistance from the District Court in Svitavy, Czech Republic*,
    748 F.Supp.2d 522 (E.D.Va. 2010) ……………………………………………8,10,11,15

*In re Tovmasyan*,
    557 F.Supp.3d 348 (D. Puerto Rico 2021) ………………………………………..  13

*In re Veiga*,
    746 F. Supp. 2d 8 (D.D.C. 2010) ………………………………………………..  11,14

*Intel Corp v. Advanced Micro Devices, Inc.,*
    542 U.S. 241 (2004) ……………………………………………………8,9,10,11,12,13

*Mees v. Buiter,*
    793 F.3d 291 (2d Cir. 2015) ……………………………………………………  13

*Minatec Fin. S.A.R.L. v. SI Group Inc.*,
    2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008) ……………………………………...  15

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP,*
    376 F.3d 79 (2d Cir. 2004) ……………………………………………………..  8,11

*Servotronics, Inc. v. The Boeing Company*,
    954 F.3d 209 (4th Cir. 2020) …………………………………………………….  14

*South Carolina Ins. Co. v. Assurantie Maatschappij "De Zeven Provincien" N.V.*

    1 App. Cas. 24 (1987)……………………………………………………………….. 13

*United States v. Global Fishing, Inc.,*
    634 F.3d 557 (9th Cir. 2011) ……………………………………………………….. 10

## Statutes and Treaties

28 U.S.C. § 1331……………………………………………………………………….… 6

28 U.S.C. §1391……………………………………………………………………….… 6

28 U.S.C. § 1782 ……………………………………………………………………….… 6

Applicants Ian Curtis, Rachel de la Cour, Richard Reynolds, Amanda White & Guy Westgate hereby apply to this Court for an order pursuant to 28 U.S.C. §1782 to obtain discovery from Respondent The Boeing Company ("Boeing").[1] Section 1782 represents nearly 150 years of efforts by Congress to encourage collaboration with foreign tribunals. *In re Application of Newbrook Shipping Corporation*, 31 F.4th 889, 894 (4th Cir. 2022). Applicants seek this discovery – specific and limited document requests[2] as well as a single corporate representative deposition[3] – for use in an ongoing foreign civil proceeding in the United Kingdom in which they are litigants (and as such "interested persons") with power to submit evidence.[4]

Applicants respectfully request oral argument at the Court's earliest convenience if the requested discovery is contested.

### I. JURISDICTION AND VENUE

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this matter arises under 28 U.S.C. § 1782. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391 because Respondent The Boeing Company's corporate headquarters are located at 929 Long Bridge Drive, Arlington, Virginia. Boeing is a resident of this District.

---

[1] Although Applicants could proceed with this Application *ex parte*, they have chosen instead to serve this Application on the Respondent. *In re Eli Lilly and Company*, 580 F.Supp.3d 334, 336 (E.D. Va. 2022); *In re Application of Rivada Networks,* 230 F.Supp.3d 467, 473 (E.D.Va. 2017) (An applicant's decision to file an *ex parte* § 1782 application *ex parte* is proper and unremarkable, as § 1782 applications are routinely filed *ex parte); In re Application of Banco Mercantil De Norte,* 2023 WL 6690708 at *1 (E.D. Va. 2023).

[2] Ex. 1 – Specific and detailed list of Boeing documents requested in this Application

[3] Ex. 2 – [Proposed] Deposition Notice

[4] Section 1782(a) provides: "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation … upon the application of any interested person . . . ." 28 U.S.C. § 1782(a).

## II.    INTRODUCTION AND SUMMARY OF ARGUMENT

Applicants are former flight attendants and pilots for British Airways, or family members of such, who were injured during contaminated cabin air events aboard various models of Boeing's bleed air aircraft.[5] As a result of Applicants' exposure to toxic chemicals while on the job, Applicants suffered acute injuries as well as chronic neurocognitive deficits. Applicants filed legal claims against British Airways for compensation and were selected to be in the "Lead Cohort" or first-round of cases to be adjudicated in the consolidated English litigation.[6] British Airways has denied having detailed knowledge of contaminated cabin air events and claims to no longer have in its control or possession documents showing the depth and scope of the airline's knowledge, familiarity and awareness of these events and the harms caused by such exposure.[7] British Airways has also represented that it does not retain documents on the contested issues and thus cannot produce them in the litigation.[8] In contrast, Boeing has produced a number of documents in the ongoing contaminated cabin air litigation in the United States that detail communications between Boeing and British Airways and confirm the opposite: British Airways has long been aware – and concerned about - contaminated cabin air events as well as the health impact of chronic exposure by flight crew.[9]

---

[5] Applicant Guy Westgate, is the Executor of the estate for his late pilot brother who died from his injuries and represents the Estate's interests.

[6] Ex. 3 – Declaration of English Solicitor, Timothy John Hayward at p. 3.

[7] Ex. 3 – Declaration of English Solicitor, Timothy John Hayward at p. 4.

[8] Ex. 3 – Declaration of English Solicitor, Timothy John Hayward at p. 4.

[9] Boeing produced documents in the American contaminated cabin air litigation over the past nine years. Some of those documents describe interactions between Boeing and British Airways regarding toxic cabin air issues. Counsel representing plaintiffs in the American litigation, including US attorney Zoe Littlepage, have worked cooperatively for years with the solicitors and barristers representing injured flight crew in the English contaminated cabin air litigation. The two groups of lawyers have even jointly represented a few of the same claimants. In the American litigation, Boeing demanded the courts enter

By this Section 1782 application, Applicants properly seek discovery from Respondent for use in their pending English proceedings. Applicants seek information and documents relating to British Airways' interactions with Boeing regarding contaminated cabin air events aboard Boeing airplanes including British Airways' report of such events to Boeing, British Airways' request for investigational help from Boeing, information provided in response by Boeing and discussions about potential remediation or mitigation efforts. This information is critical to Applicants in their challenge of British Airways' assertions and defenses in the foreign proceeding.

Section 1782 exists to assist foreign courts in obtaining the necessary evidence from an American entity to determine truth and justice in cases pending before them. A secondary purpose is to encourage "foreign countries by example to provide similar means of assistance to our courts." *In re: Request for Judicial Assistance from the District Court in Svitavy, Czech Republic*, 748 F.Supp.2d 522, 525 (E.D.Va. 2010) (hereafter *Czech Republic*) (*citing Schmitz v. Bernstein Liebhard & Lifshitz, LLP,* 376 F.3d 79, 84 (2d Cir.2004). This application is precisely the type of discovery request the statute contemplates and this request easily satisfies the three statutory requirements of Section 1782 as well as the four discretionary factors articulated by the United States Supreme Court in *Intel Corp v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004). This Application should therefore be granted.

### III. NATURE OF INFORMATION AND DOCUMENTS SOUGHT

Applicants seek production of fifty-seven (57) documents already produced by Boeing in litigation, which are listed in the Request for Production of Documents attached as Exhibit1 to this

---

protective orders and then stamped almost every document Boeing produced as "confidential." US counsel thus cannot share copies of documents produced by Boeing with the English legal team or even provide detailed descriptions of the documents. Based upon her understanding of the issues raised by British Airways in the English litigation, Ms. Littlepage identified the 57 documents requested in this application as relevant to those cases and provided only the exhibit number, date, bates number and title of each document for use in this application (*See* Exhibit 1).

application. Applicants also seek a single Rule 30(b)(6) corporate representative deposition, as set out in Exhibit 2, to establish the background and context of the identified documents and to prove up the authenticity and admissibility of the requested documents under English law. Applicants will provide notice of the Boeing deposition to British Airways so the airline may attend and have an opportunity for cross-examination of the witness. *See In re Application of Rivada Networks*, 230 F.Supp.3d 467, 474 (E.D.Va. 2017)(28 U.S.C. §1782 application for the taking of a deposition should provide the adversaries in the actual foreign litigation notice of the deposition details).

Applicants' narrow requests are directly related to the ongoing case in the United Kingdom. The requests are limited and the documents requested are specifically identified. Boeing has already electronically produced a copy of each document in the American litigation and, since Applicants are providing the Bates Number and title for each of the 57 documents, producing these materials would entail less than an hour of effort for Boeing.[10]

### IV.    ARGUMENT:
### SECTION 1782 ENTITLES APPLICANTS TO OBTAIN DISCOVERY FROM RESPONDENT BOEING

Section 1782 permits district courts to order discovery in the United States in response to requests for assistance from interested parties to foreign legal proceedings. Section 1782 is guided by goals of "judicial assistance and cooperation" between U.S. parties and foreign courts. *Intel Corp..* 542 U.S. at 248 (internal quotation omitted). The statute has been given "increasingly broad applicability" over the years. *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80

---

[10] Counsel for Applicants also currently represent Plaintiffs in ongoing contaminated cabin air litigation against Boeing in Virginia state court. As such, Applicants' counsel have in their possession copies of the Boeing documents referenced in this application. Applicants' counsel is prohibited, by a Protective Order entered in that case, from sharing the documents with the foreign litigants or their counsel. As such, counsel has only provided non-descriptive basic identifying information for use in this Application. If it would facilitate this request, Applicants' counsel are willing to - pursuant to an order from this Court - provide the requested documents directly to the Applicants so Boeing would have no inconvenience or burden.

(2d Cir. 2012) (internal citations and quotation marks omitted); *see also United States v. Global Fishing, Inc.,* 634 F.3d 557, 563 (9th Cir. 2011). "Section 1782 affords the district courts wide discretion in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States,* 210 F.3d 421, 424 (4th Cir. 2000).

A. **<u>Applicants satisfy Section 1782's statutory requirements</u>**.

The statute at issue - 28 U.S.C. § 1782(a) - identifies four mandatory conditions for an application to be granted:

> (1) The application must be made to the district court for the district in which the person resides or is found;
> (2) the application must come from an interested person or a foreign tribunal;
> (3) the application must seek evidence, including testimony or documents; and
> (4) the evidence sought by the application must be for use in a proceeding in a foreign or international tribunal.

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004). Applicants easily meet these requirements.

First, Boeing is headquartered in Virginia in this District. Second, Applicants are all active litigants in the United Kingdom Toxic Cabin Air litigation against British Airways and are very much "interested" persons. *Intel Corp.*, 542 U.S. at 256 (a "litigant" is "included among, and may be the most common example of, the 'interested person[s]' who may invoke §1782 ...."). Third, this application seeks the production of specific documents and a single deposition. *Czech Republic*, 748 F.Supp.2d at 525 (any interested person in a foreign tribunal may request that testimony be given or documents be produced through a 1782 action). Fourth, the requested discovery is solely "for use" in an ongoing legal proceeding before a foreign tribunal in the United Kingdom. The "for use" requirement imposes a *de minimis* burden on the applicant to show that the requested discovery has some relevance to the foreign proceeding. *See In re Application of Sveaas*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008) (the standard for relevance is "broadly

permissive"); *In re Veiga*, 746 F. Supp. 2d 8, 18 (D.D.C. 2010) ("the burden imposed upon an applicant is *de minimis*"). The evidence sought in this application is relevant to the ongoing English litigation and "will be employed with some advantage or serve some use in that proceeding." *In re Application of Newbrook Shipping Corporation*, 31 F.4th 889, 895 (4th Cir. 2022). As done here in Exhibit 3, Applicants can meet the "for use" prong by providing a declaration from the foreign litigant's counsel to explain the intended purpose of the requested evidence in that litigation. *In re Application of Banco Mercantil de Norte SA*, 2023 WL 6690708 at *5 (E.D.Va. 2023). District courts should not attempt to determine whether the evidence would actually, or even probably, be discoverable or admissible in the foreign proceeding. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012) (noting unanimity among the Circuits that have ruled on the issue).

  B. **The *Intel* discretionary factors favor granting discovery.**

Once the statutory requirements are met, a district court may grant Section 1782 discovery under its discretion but with "the twin aims of the statute" in mind: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. *Czech Republic*, 748 F. Supp. at 526 (*citing Schmitz v. Bernstein Liebhard & Lifshitz, LLP,* 376 F.3d 79, 84 (2d Cir. 2004). The Supreme Court has provided four discretionary factors as guidance:

> (1) The involvement of the person from whom discovery is sought in the foreign proceeding,
> (2) The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court or agency to U.S. federal-court judicial assistance,
> (3) Whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States, and
> (4) Whether the request is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65; See also *In re Czech Republic*, 748 F.Supp. 522, 526 (E.D. Va. 2010).

Not every factor need be considered or weighed evenly. *In re Eli Lilly & Co.*, 37 F.4th 160, 168 (4th Cir. 2022). Rather an "equity-like balancing test" is envisioned. *In re Application of Banco Mercantil de Norte SA*, 2023 WL 6690708, at *3 (E.D.Va. 2023). Since these factors are discretionary, failure to meet any of them does not preclude discovery. *Intel Corp.*, 542 U.S. at 246, 264, 266. Nevertheless, in this case, all four discretionary factors favor granting the requested discovery.

### 1. Boeing is not a party to the English proceedings.

Section 1782 discovery is particularly warranted where the respondent is not a party in the foreign litigation, as nonparties may be outside the foreign tribunal's jurisdiction, and the evidence sought is thus "unobtainable absent Section 1782 aid." *Intel Corp.*, 542 U.S. at 265. That is precisely the circumstance here. Boeing is not a party or participant in the English proceeding and is beyond that court's jurisdictional reach.[11] The English judge cannot order Boeing to produce the requested evidence.[12] This factor weighs in favor of granting the application.

### 2. The nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the English court system to U.S. federal court judicial assistance favors granting this Application.

The second discretionary factor considers whether the foreign tribunal would be willing to consider the information sought. The foreign tribunal is presumed receptive unless there has been a "clear directive . . . that it would reject evidence produced in the United States." *Ecuadorian Plaintiffs v. Chevron Corp.,* 619 F.3d 373, 377 (5th Cir. 2010) (internal citations omitted); *In re Piraeus Bank*, 2020 WL 2521322, at *2 (S.D.N.Y. 2020) (finding that the discretionary factors weighed in favor of Petitioner because he averred there was no indication the English Court would

---

[11] Ex. 3 – Declaration of English Solicitor, Timothy John Hayward, at p. 3.

[12] Ex. 3 – Declaration of English Solicitor, Timothy John Hayward, at p. 3.

be "unreceptive" to assistance from the Court); *see also In re Bayer AG*, 146 F.3d 188, 196 (3d Cir. 1998) ("[T]he burden of demonstrating offense to the foreign jurisdiction . . . should rest with the party opposing the application.").

A number of federal courts have found that English courts are generally receptive to §1782 discovery. *In re Tovmasyan*, 557 F.Supp.3d 348, 357 (D. Puerto Rico 2021); *In re Ex Parte Application of Godfrey,* 2018 WL 1863749, at *10 (S.D. Fla. 2018) (collecting cases); *In re IKB Deutsche Industriebank AG*, 2010 WL 1526070 at *4 (N.D. Ill. 2010) ("District courts routinely allow discovery related to litigation pending in the United Kingdom.") (collecting cases). In *Intel*, the United States Supreme Court cited an English case where the "House of Lords ruled that non-discoverability under English law did not stand in the way of a litigant in English proceedings seeking assistance in the United States under § 1782." *Intel Corp.,* 542 U.S. at 262 (citing *South Carolina Ins. Co. v. Assurantie Maatschappij "De Zeven Provincien" N.V.,* 1 App. Cas. 24 (1987)). Close ties between the two countries favor granting this Section 1782 request.

Further, the United Kingdom is a signatory to the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters. This strongly indicates that the English court would be receptive to American judicial assistance." *See In re O'Keeffe*, 646 Fed.Appx. 263, 267 (3d Cir. 2016) (holding that district court did not abuse its discretion in finding, under the second *Intel* factor, that the foreign jurisdiction was likely receptive to American judicial assistance given its status as a signatory to the Hague Convention).

### 3. This Application does not attempt to circumvent foreign proof-gathering restrictions.

This factor allows a court to consider whether there are "specific restrictions on the Applicants from obtaining discovery." *In re Caceres,* 2020 WL 2523120, at *14 (S.D. Miss. May 18, 2020); *see also Mees v. Buiter,* 793 F.3d 291, 303, n.20 (2d Cir. 2015). Courts typically weigh

the third *Intel* factor against the applicant only where they find that an application is brought in bad faith. *See In re Application of Hill*, 2007 WL 1226141, at *3 (S.D.N.Y. Apr. 23, 2007) ("Absent any indication of bad faith on [the applicant's] part, the Court is simply unwilling to weigh the request for § 1782 assistance itself as a negative discretionary factor.") (internal quotations omitted) (citing *In re Gemeinschaftspraxis Dr. Med. Schotldorf,* 2006 WL 3844464, at *7 (S.D.N.Y. Dec. 29, 2006)).

Plus, courts have repeatedly rejected requiring a party to exhaust alternate avenues of discovery before resorting to a § 1782(a) application, as neither the statute nor the Supreme Court in *Intel* mandated such an approach. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1098 (2d Cir. 1995) (characterizing a party's lack of exhaustion as an "impermissible factor" for the court to consider); *In re Veiga*, 746 F. Supp. 2d 8, 24 (D.D.C. 2010) ("Section 1782(a) does not incorporate an exhaustion requirement, and an applicant is not required to first seek discovery from the foreign tribunal.").

Here, there are no foreign proof-gathering prohibitions. Rather, this Application is a good faith effort to access relevant evidence needed for the English proceedings. Simply put, Boeing has relevant evidence, outside the reach of the English court process, and such evidence is material and relevant to the foreign proceeding – precisely the scenario for which Congress intended Section 1782.

### 4. The discovery sought is narrowly tailored and is neither burdensome nor intrusive.

Discovery under Section 1782 is governed by the Federal Rules of Civil Procedure. *In re Application of Newbrook Shipping Corporation*, 31 F.4th 889, 896 (4th Cir. 2022); *Servotronics, Inc. v. The Boeing Company*, 954 F.3d 209, 214-215 (4th Cir. 2020) (Section 1782 "authorizes a U.S. district court to function in the stead of a foreign tribunal and, on behalf of that tribunal, to

take statements and receive testimony and documents or other materials intended "for use" in the proceeding before the tribunal"). The rules permit relevant discovery and relevancy in this context is "broadly construed and encompasses any material that bears on, or that reasonably leads to, other matters that could bear on, any issue that is or may be in the case." *In re Application HydroDive Nigeria, Ltd.,* 2013 WL 12155021 at *3 ( S.D. Tx. May 29, 2013).

      Here, Applicants' discovery requests are highly relevant as responsive evidence will help Applicants confirm or contradict British Airways' assertions and defenses in the pending English litigation. Respondent's burden in providing the requested discovery is minimal in light of the specificity and narrowness of the Applicants' requests. The requested documents have already been collected, bates numbered, reviewed for privilege, redacted as necessary and produced in discovery by Boeing in prior and ongoing American litigation on the same topic, including in a current case pending in Virginia state court. Applicants have specifically identified each requested document by date, author, title and Bates Number. This is "a simple request for the production of evidence that is routinely provided" in this type of litigation. *Czech Republic*, 748 F.Supp.2d at 529. None of the requested documents discuss trade secrets or private, proprietary, commercially sensitive or secret information of Boeing. The discovery sought is neither intrusive nor burdensome. *Minatec Fin. S.A.R.L. v. SI Group Inc.*, 2008 WL 3884374, at *8 (N.D.N.Y. Aug. 18, 2008) (no undue burden where the document request was "specifically and narrowly tailored"). Where, as here, a petitioner's requests concern "the precise subject matter of the underlying litigation," the requests are not unduly burdensome. *First American Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 23 (2d Cir. 1998); *see also In re Consellior SAS*, 2013 WL 5517925, at *3 (D. Conn. Oct. 2, 2013) (holding that it would not pose an "insurmountable burden on Respondents" to review and produce approximately 25,000 documents).

While the discovery sought is critically important, the burden or expense to Boeing is limited. Accordingly, Applicants request that the Court grant this Section 1782 application as expeditiously as possible.

## V.     CONCLUSION

The information sought by this Application is essential to enabling the English court to fulfill its mandate of seeking truth and justice. For the foregoing reasons, Applicants respectfully request that the Court enter an Order:

   A. Granting the application for discovery under Section 1782; and

   B. Directing Boeing to produce the responsive documents requested by Applicants, and provide the requested deposition testimony, by the deadlines set forth in Applicants' requests and notice.

Dated: June 14, 2024.

Respectfully submitted,

  /s/ Scott M. Perry

Scott M. Perry (VSB No. 67417)
Jeffrey A. Breit (VSB No. 18876)
BREIT BINIAZAN, P.C.
1010 North Glebe Road, Suite 310
Arlington, VA 22201
Phone: (703) 291-6666
Email: scott@bbtrial.com
Email: jeffrey@bbtrial.com

ATTORNEYS FOR APPLICANTS

**Additional Plaintiffs' Counsel**
Zoe Littlepage
Littlepage Booth
1912 W. Main St.
Houston, TX 77098
Tel: 713-529-8000
Email: zoe@littlepagebooth.com

**English Counsel for British Airways**
Malcolm Keen
Clyde & Co
The St Botolph Building
138 Houndsditch
London, EC3A 7AR
Tel: +44-207-876-5000
Email: Malcolm.Keen@clydeco.com

David Platt KC
Crown Office Chambers
2 Crown Office Row,
Temple, London EC4Y 7HJ
Tel: +44 (0) 20 7797 6228
Email: Platt@crownofficechambers.com